[L. A. No. 21855. In Bank. May 25, 1951.]

ELSIE BUCKMAN, Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF SAN LUIS OBISPO et al., Respondents.

Martin Polin for Appellant.

H. C. Grundell, District Attorney, and Kingsley T. Hoegstedt, Deputy District Attorney, for Respondents.

SHENK, J.—This is a proceeding in mandamus to compel the respondents to reinstate the petitioner to her position as a registered nurse at the Atascadero General Hospital in San Luis Obispo County; and to approve back pay from the time she was discharged until she is restored to her position. A general demurrer to the petition was sustained without leave to amend. The appeal is from a judgment denying the relief sought. The record on appeal is incorporated in a settled statement which includes a copy of the petition for the writ. On this record the District Court of Appeal reversed the judgment and in the course of the opinion stated that the petitioner, in addition to her prayer for reinstatement, sought ''back pay from the time she was discharged until the Civil Service Commission ordered her restored to duty.'' The respondents did not petition for hearing. A petition for hearing on behalf of the appellant was granted mainly to correct the inadvertent statement above quoted lest it become the law of the case.

The question is whether the petition sufficiently states a cause for the relief sought. It alleges, in material respects, that the petitioner was employed as a registered nurse with full and permanent civil service status from the time that service was established in November, 1948, and performed her duties as such until she was discharged from her position by the hospital superintendent on February 11, 1949; that she was discharged without sufficient cause; that on March 28, 1949, the county Civil Service Commission unanimously ordered that she be reinstated to her position; that the petitioner had been serving as a nurse at the hospital for several years on the ''night shift'' from 11 p. m. to 7 a. m.; that after the order of reinstatement by the Civil Service Commission the superintendent offered the petitioner a position only on the afternoon-evening shift from 3 p. m. to 11 p. m.; that the offer of reinstatement on the latter shift was not made in good faith in carrying out the order of the Civil Service Commission for the reasons, first, that there was then no vacancy on the afternoon-evening shift or at any time prior to the commencement of this proceeding; that it was inconvenient if not impossible for the petitioner to accept employment on the afternoon-evening shift because it was necessary for her to be at home in the daytime and during those hours to care for an adopted daughter of tender years; that the superintendent was familiar with the petitioner's situation at her home and offered her a position during the daytime in bad faith, well knowing that the petitioner could accept it (even if a vacancy

existed) for that period only at great sacrifice and that she had theretofore refused to accept that assignment; that the superintendent offered her that nonexistent position for the sole purpose of complying in form only with the order of reinstatement of the Civil Service Commission; that the petitioner had requested the respondent Civil Service Commission for a further order of reinstatement but was informed upon the denial of her request that the commission could not interfere in administrative matters; that her claim for back pay had been denied by the respondent board of supervisors.

The petition states a prima facie case for relief. It sufficiently appears therefrom that the offer of the superintendent was not made in good faith in that it was an offer to reinstate the petitioner to a position which was not only nonexistent at the time but also was deliberately made for a period which the superintendent knew was unacceptable to the petitioner. If these facts be established the petitioner would be entitled to reinstatement to an available position and, if so reinstated, to receive back pay, less any amount otherwise earned by her, from the time of her illegal discharge to the time of reinstatement.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.