**FLORIDA LIME & AVOCADO GROWERS, Inc., a Florida corporation, and South Florida Growers Association, Inc., a Florida corporation, Plaintiffs,**

v.

**W. C. JACOBSEN, Director of the Department of Agriculture of the State of California, Goodwin J. Knight, Governor of the State of California, and Edmund G. Brown, Attorney General of the State of California, Defendants.**

Civ. No. 7648.

United States District Court
N. D. California, N. D.
Dec. 18, 1958.

Isaac E. Ferguson, Beverly Hills, Cal., for plaintiffs.

Edmund G. Brown, Atty. Gen. of California, and John Fourt, Deputy Atty. Gen., for defendants.

Before STEPHENS, Chief Judge, Ninth Circuit, GOODMAN, Chief Judge District Court, and HALBERT, District Judge.

HALBERT, District Judge.

This being an appropriate case, it has been heard by a three-judge district court pursuant to the provisions of Title 28 U. S.C.A. §§ 2281 and 2284.

Plaintiffs are Florida growers and packers of avocados and, concededly, are engaged in the interstate marketing of their product. They complain of the barrier which certain portions of the West's Ann. California Agricultural Code assertedly presents to the importation of their product into the State of California.

Division 5 ("Standardization"), Chapter 2 ("Fruit, Nut, and Vegetable Standards"), of the West's Ann. California Agricultural Code, sets out a comprehensive system of packing, marketing and quality control of agricultural products including, inter alia, avocados. Plaintiffs first encounter this control as their fruit enters California, inspection being had at the familiar agricultural inspection stations located at the border whereever a highway enters the State (§ 782.6).[1] There the load is sampled (§ 782), and if the fruit fails to meet the standards imposed by any pertinent section of the West's Ann. Agricultural Code (§ 785), the load is tagged as nonconforming fruit. Such noncomplying fruit is declared a nuisance and, if not reconditioned, is subject to seizure and eventual abatement as a nuisance (§ 785).

Reconditioning would involve, here, the substitution of qualified fruit for that found lacking, when weighed against the standards fixed by Chapter 2. The specific standard of which plaintiffs complain is that found in § 792, which requires that all avocados contain not less than 8% oil by weight, excluding the skin and seed.

Plaintiffs allege that the variety of avocado grown by them in Florida differs from those grown in California in that they inherently possess a lesser percentage of oil by weight than those cultivated in California; that the varieties which they would introduce into California seldom meet the oil test of § 792 at the time when they are in prime marketing condition.

It is further alleged that plaintiffs have shipped loads of avocados into California, several of which were found not to conform to the standard imposed by § 792, and that those nonconforming loads were not reconditioned by substitution, but were removed from the State and marketed elsewhere (§ 785).

On the above stated facts, plaintiffs ask this Court for certain declaratory and injunctive relief. Such relief cannot be granted as this Court lacks jurisdiction of the cause.

The basic rule is that this Court is a Court of limited jurisdiction, and has no authority beyond that specifically granted it by law. The jurisdiction of this Court is never presumed. The presumption is to the contrary (Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L. Ed. 444; United States v. Green, 9 Cir., 107 F.2d 19, and Durkey v. Arndt, D.C., 46 F.Supp. 256). The first principle of Federal jurisdiction is that it is the duty of litigants to make clear to the Court the basis of its jurisdiction over the proceeding. Likewise, it is the duty of the Court to make sure that jurisdiction exists. If Federal jurisdiction is not apparent, the Court not only will, but must, re-

---

1. All references in this opinion to sections are to sections of the Agricultural Code of the State of California unless otherwise specifically noted.

fuse to proceed with the determination of the merits of the controversy, unless this failure can be cured. This is true regardless of what stage the case may be in, and whether the defect is called to the Court's attention by suggestion of the parties, or otherwise (Mansfield, C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Warner v. Territory of Hawaii, 9 Cir., 206 F.2d 851; Koike v. Atchison, T. & S. F. Ry. Co., 9 Cir., 157 F. 623; Skelly v. Dockweiler, D. C., 75 F.Supp. 11, and American Distilling Co. v. City of Sausalito, D.C., 73 F. Supp. 520).

■ The jurisdiction of a Federal District Court finds its initial limitation in the ultimate source of the Court's authority, namely, the Constitution of the United States. A matter, to be justiciable, must be capable of categorization as either a "case" or a "controversy" (United States Constitution, Art. 3). While a wide variety of forms of action and remedies are permissible, the complaint—as a Constitutional prerequisite to the assumption of jurisdiction by a Federal court—must show that the case presents for determination *an existing dispute as to present legal rights*. When this is not affirmatively shown, the case must be disposed of as provided by the Federal Rules of Civil Procedure, rule 12(h) (2), 28 U. S.C.A., where it is decreed that, " * * Whenever it appears * * * that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

■ There is no claim here of any present existing controversy between the parties. The claim at best suggests no more than a threatened controversy. An actual controversy could arise only if there were a co-existence of four facts, namely:

1. The bringing of avocados to California by plaintiffs;

2. The failure of avocados to meet the standards fixed by law;

3. The refusal of the plaintiffs to recondition or remove the avocados; and

4. An election by plaintiffs to contest the abatement in the State courts as provided by § 785. This lack of a present, actual, existing controversy concludes the jurisdiction of this Court (Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246). The past events on which this case is predicated are not of sufficient legal stature as to here and now create justiciable issues (Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617). The record now before this Court shows no more than a mere prospect of interference posed by the bare existence of the law in question (United Public Workers of America (C.I.O.) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L. Ed. 754, and Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; cf.: Ramspeck v. Federal Trial Examiners, 345 U.S. 128, 73 S.Ct. 570, 97 L.Ed. 872). On the record now before it, this Court has no authority to take jurisdiction in this case, and is left with no course other than to dismiss the action at this time.

Defendants have filed motions to dismiss this action on a variety of grounds, all of them being premised on various subsections of Federal Rules of Civil Procedure, rule 12. Since this case must be dismissed because of a lack of jurisdiction, it is unnecessary to consider defendants' motions to dismiss.

It is, therefore, ordered that plaintiffs' complaint and the cause of action sought to be set forth in said complaint be, and the same is, hereby dismissed.

STEPHENS, Circuit Judge and GOODMAN, District Judge, concur.