G. Gale ALLEN, Appellant,

v.

Charles BUSSELL and Stellamae Bussell, Appellees.

No. 2798.

Supreme Court of Alaska.

Dec. 29, 1976.

John H. Bradbury, Anchorage, for appellant.

Chancy Croft, Croft, Thurlow & Loutrel, Anchorage, for appellees.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

RABINOWITZ, Justice.

This appeal is from the superior court's denial of appellant Gale Allen's motion to conform the superior court's judgment to its findings. Allen's attack on the superior court's denial of his motion to conform is embodied in four separate specifications of error, all of which raise questions as to the construction and application of Civil Rule

60. We affirm the decision of the superior court.

The relevant facts are as follows. In April of 1966 Charles and Stellamae Bussell, appellees, commenced litigation against Gale Allen, alleging that Allen was indebted to them in the total amount of $4,280 on the basis of two separate loans which were made in 1961. Allen then filed an answer which contained two affirmative defenses. In his affirmative defenses Allen asserted that Stellamae Bussell made him a gift of the money, and that he had never received any money or benefits from Chrles Bussell. Thereafter, on three separate occasions the Bussells noticed the taking of Allen's deposition, but each time Allen failed to appear for the scheduled deposition. Further, the Bussells secured an order from the superior court which required Allen to produce certain documents; this order was not complied with.

On the basis of Allen's several discovery defaults the Bussells then moved for summary judgment or, in the alternative, for a default judgment upon striking Allen's answer for failure to appear at the noticed depositions and failure to comply with the order to produce. In response the superior court entered an order which provided in part that the "case will be called on Monday and if defendant fails to appear, [the] Court will enter default and hear plaintiff's proof." Notice of the trial date was then sent by the superior court's calendar clerk. Allen did not appear at the time set for trial and the superior court ordered that his answer be stricken and his default entered.

Stellamae Bussell was then called to present testimony establishing Allen's indebtedness. She testified she had loaned the money in question to Allen before her marriage to Bussell. When questioned by the trial judge, Mrs. Bussell related that in the course of discussing the matter with Allen he did not deny that he was indebted to her, but that he had not paid her because he had a grievance with her husband and for the further reason that he had no money. At the conclusion of the default hearing the superior court stated in part:[1]

. . . I'll find that . . . two loans were made by the *plaintiff*, a loan for $4,000.00 and a loan for $280.00 and that these loans were made in November of 1961 and that at the time they were made no fixed or determined time was established for repayment, and I will find that a reasonable time for the repayment was implied. The reasonable time would have been within a year, no payments have been made the loan is in default and I'll grant *plaintiff* judgment in the sum of $4,280.00 together with *her* costs and attorneys fees. (emphasis added)

The Bussells' attorney then drafted an order for default judgment which stated in part that:

. . . the *plaintiffs* have judgment against the defendant in the amount of $4,280.00 plus costs in the amount of $36.20, plus attorney's fees in the amount of $742.00 for a total judgment of $5,058.20. (emphasis added)

The Bussells obtained a writ of execution on the default judgment which was returned unsatisfied due to Allen's assertion of exemption claims relating to both his real property and personalty. Thereafter, the Bussells did not attempt to execute on their default judgment until 1972, at which time Allen's vessel the "LITTLE SAM" was attached and sold at public auction. Allen then brought suit against the Bussells alleging wrongful execution. Allen grounded his case on the fact that he obtained a discharge in bankruptcy in the United States District Court in Oregon. At the time he filed for bankruptcy, he listed Stellamae Bussell as a secured judgment creditor, but did not list Charles Bussell as a creditor.

Allen claims he was unaware of the fact that the default judgment was entered in

---

1. The default judgment was entered in 1966 by the Honorable James Fitzgerald, then a superior court judge.

Charles Bussell's behalf. In the wrongful execution action, Allen launched a collateral attack on the 1966 default judgment by attempting to prove that Charles Bussell was not entitled to recover any judgment against him in 1966. When the superior court's ruling blocked this challenge, Allen then filed a "Motion to Conform Judgment Document to Findings and Judgment of the Court," pursuant to Rule 60, Rules of Civil Procedure. The superior court denied the motion, finding that a clerical mistake had not been made and that even if one had been made, correcting it at this point in time would substantially affect the rights of the parties. In addition to this Rule 60(a) determination, the superior court rejected Allen's Rule 60(b) contentions, finding that Allen should have known that the judgment was in favor of both Charles and Stellamae Bussell; that Allen's showing was insufficient to warrant modification of the default judgment; and that Allen had not made out a case of fraud having been perpetrated upon the court. This appeal followed.

■ Although Allen's motion requested relief pursuant to provisions not subject to the one year limitation in Civil Rule 60(b), such motions must be filed within a reasonable time. Appellant's only explanation of his delay in challenging this judgment in the period from 1966 to 1972 lies in his contention that he did not know that judgment had been entered on Bussell's behalf. Inasmuch as the judgment was a matter of public record and since, as shown by his bankruptcy petition, Allen knew that a judgment had been entered, this explanation is a weak reed upon which to lean. We noted in *Markland v. City of Fair-*

*banks,* 513 P.2d 658 (Alaska 1973), that such inattention is suspect in ruling on Rule 60(b) claims. Thus it is clear that the trial judge would not have abused his discretion herein had he held that the motion was untimely.

As indicated previously, Allen advances four separate specifications of error in support of his ultimate position that the superior court erroneously denied his motion to conform the default judgment to the court's findings. Appellant, in his first assertion of error, contends that the superior court erred in not finding that the default judgment document constituted a fraud upon the court. Here Allen would find a fraud on the court on the basis of what he characterizes as a disparity between the superior court's oral findings and the "Default Judgment" which was prepared and submitted by the Bussells' attorney and signed by the court. At the default hearing, Stellamae Bussell's testimony referred only to a debt owed to her and not to Charles Bussell, and the oral findings of the trial court gave judgment for the "plaintiff" and mentioned "her costs." However, the written judgment ran in favor of the "plaintiffs," thus including Mr. Bussell.

Civil Rule 60(b) specifically notes that although its subsection (3) provides a method by which a judgment can be reopened because of "fraud . . ., misrepresentation, or other misconduct of an adverse party," the rule is not to be construed as a limitation of the court's power "to set aside a judgment for fraud upon the court."[2] *Mallonee v. Grow,* 502 P.2d 432 (Alaska 1972), established that the standard of review of claims for relief

---

2. Civil Rule 60 provides, in part:
   (b) Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud—Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   \* \* \* \* \*
   (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresenta-

tion, or other misconduct of an adverse party;
   \* \* \* \* \*
   This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court.

based on fraud upon the court is that of abuse of discretion. More particularly, in *Mallonee* we said:

> The superior court's determination that Mallonee's actions constituted fraud on the court cannot be disturbed unless we are convinced that it has abused its discretion . . ..[3]

■ With this review standard in mind, we now turn to the question of what constitutes a "fraud upon the court" as opposed to other varieties of fraud. In *Mallonee* we indicated that an intent to defraud was not a necessary element and that "fraud may be found even where representations are made with a good faith belief in their truth."[4] Study of the many statements made by courts which have attempted to define "fraud upon the court" are not particularly helpful. As Professors Wright and Miller observe:

> Perhaps the principal contribution of all these attempts to define 'fraud upon the court' and to distinguish it from mere 'fraud' is as a reminder that there is a distinction. Any fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense. That cannot be the sense in which the term is used in the final saving clause of Rule 60(b). The remedy for most cases of fraud must continue to be by motion under Rule 60(b)(3) or by an independent action, subject to the procedural limitations applicable to those remedies. The draftsmen must have conceived of 'fraud upon the court,' as they used that phrase, as referring to very unusual cases involving 'far more than an injury to a single litigant.'[5] (footnotes omitted)

Professors Wright and Miller also point out that the case in which the court has found that there had been, or might have been, a fraud upon the court usually involved "the most eggregious conduct involving a corruption of the judicial process itself."[6] In the case at bar we cannot say that the superior court abused its discretion in concluding that Allen's showing did not make out a case of fraud upon the court. The alleged fraudulent conduct does not, in our view, approach the level of egregious conduct necessary to support a conclusion that a fraud upon the court had been perpetrated. For here there exists a very real possibility that Judge Fitzgerald's primary concern was to enter a default judgment against Allen and did not focus on the fact that both Charles and Stellamae had asserted in their complaint that Allen was indebted to them. Secondly, although empowered by Civil Rule 54(b) to enter judgment in behalf of only one of the plaintiffs, Judge Fitzgerald did not take this course of action. In light of the foregoing, we do not find that there was a fraud perpetrated upon the court.

---

3. *Mallonee v. Grow*, 502 P.2d 432, 439 (Alaska 1972). *See also* 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2872, at 261 (1973).

4. *Mallonee v. Grow*, 502 P.2d 432, 438 (Alaska 1972).
   The Advisory Committee Note to the portion of Rule 60, Federal Rules of Civil Procedure, cites *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), as illustrative of what it intended the "fraud upon the court" action to entail. *Hazel-Atlas* involved a fraud on the Patent Office and the Third Circuit perpetrated by an attorney. Hartford's attorney wrote an article praising the device which his clients sought to have patented as a remarkable advance, and arranged to have the article printed in a trade journal under the name of an expert in the field who was not directly interested in the patent. The attorney then proceeded to use the article in obtaining the patent and in defending its validity. The Supreme Court held that these actions constituted "a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals." 322 U.S. at 245, 64 S.Ct. at 1001, 88 L.Ed. at 1255.

5. 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2870, at 253 (1973).

6. 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2870, at 255, *quoting Lockwood v. Bowles*, 46 F.R.D. 625, 632 (D.C.D.C.1969).

Appellant next claims that the discrepancy between the superior court's oral judgment and the document, captioned in part "Default Judgment," constituted a clerical error which could be corrected pursuant to a Civil Rule 60(a) [7] motion. At the hearing on Allen's motion to modify the 1966 default judgment, Judge Ralph Moody concluded that use of Rule 60(a) was precluded because modification at the present time would substantially affect the rights of the parties.

■ The mere fact that the alleged clerical error was not made by a clerk does not preclude resorting to Civil Rule 60(a) for relief. [8] Thus, we must determine what constitutes a "clerical error" for purposes of this appeal. Professor Moore notes that:

> . . . courts possess an ample remedial power to correct clerical mistakes in judgments, orders, or other parts of the record, and also, as we shall subsequently see, errors arising from oversight or omission. *In exercising the power to correct clerical mistakes, courts should, however, confine the power to correction of mistakes that may legitimately be said to be clerical, and exercise it only on a clear showing of mistake.* [9] (emphasis added and footnotes omitted)

*United States v. Stuart*, 392 F.2d 60 (3d Cir. 1968), is supportive of Professor Moore's view. Thus, the court said in part:

Without seeking to refine the matter unduly, it seems to us that Rule 60(a) is concerned primarily with mistakes which do not really attack the party's fundamental right to the judgment at the time it was entered. It permits the correction of irregularities which becloud but do not impugn it.

392 F.2d at 62.

■ Allen's attack on the default judgment must be characterized as a serious one for it strikes at the validity of the default judgment obtained by Charles Bussell. The error, if any occurred here, depends upon whether the judge mistakenly entered the default judgment on behalf of both plaintiffs. For as we previously mentioned, Judge Fitzgerald made no finding at the conclusion of the default hearing that Charles Bussell was not entitled to have judgment entered in his favor against Allen. It is probable that Judge Fitzgerald simply was unaware that there were two named plaintiffs in the subject complaint. Thus, we conclude that Judge Moody's determination that no clerical error had occurred should be affirmed. For Allen's showing fell short of a "clear showing of mistake" and further, the asserted clerical error embodied an attack on Charles Bussell's right to default judgment at the time of its entry.

Allen's third specification of error is grounded on Civil Rule 60(b) (6). This portion of the rule provides that in addi-

---

7. Civil Rule 60(a) provides:
   Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or petition for review to the supreme court, such mistakes may be so corrected before the record is filed in the supreme court, and thereafter may be so corrected with leave of the supreme court.

8. Authorities agree that relief, pursuant to Fed.R.Civ.P. 60(a), is not limited to those errors made by clerks. *E. g.*, *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968), and 6A J. Moore, Federal Practice ¶ 60.-06[3], at 4057 (1974). Professors Wright and Miller point out that while courts have treated a variety of matters under the rubric of "clerical errors," they note that:
   Rule 60(a) is not a vehicle for relitigation of matters that have already been litigated and decided, nor to change what has been deliberately done. (footnotes omitted)
   11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2854, at 154 (1973).

9. 6A J. Moore, Federal Practice ¶ 60.06[3], at 4061–63 (1974).

tion to the grounds set forth in subdivisions (1) through (5) of Rule 60(b) a party may be relieved from a final judgment, order, or proceeding for "any other reason justifying relief from the operation of the judgment." Under this specification of error, Allen contends that if this court finds that the written document entitled "Default Judgment," rather than the oral findings of the judge, constituted the judgment, the Default Judgment was a deprivation of Allen's substantive rights constituting sufficient reason to justify relief pursuant to Rule 60(b) (6).[10]

On consideration of the balance of the equities we hold that Allen's showing is insufficient to justify the reopening of this old default judgment and therefore conclude that Judge Moody did not abuse his discretion in failing to grant relief to Allen under Civil Rule 60(b) (6).[11]

It is well to keep in mind that Rule 60(b) (6) was not intended to be used as a substitute for proper litigation of a case.[12] If Allen had wanted to contest the validity of the judgment which was entered on behalf of Charles Bussell, he should not have permitted a default to have been entered against him, or should have seasonably attempted to reopen the default subsequent to its entry. Had Allen acted more expeditiously, the superior court could have clarified the situation either by removing any doubts as to whether the default was in favor of both parties or by requiring further evidence to establish that Charles Bussell had an interest in the debt. In essence, the relief Allen seeks from this court would result in a determination that the debt was not owed to Charles Bussell and that such a finding was made by Judge Fitzgerald at the 1966 default hearing. Again we reiterate that the record demonstrates that Judge Fitzgerald did not make any such determination in conjunction with the 1966 default hearing.

In his final specification of error, Allen takes the position that the superior court erred in not granting him relief under Rule 60(b) (4).[13] Assuming arguendo that the written "Default Judgment" is controlling rather than the oral decision of Judge Fitzgerald, Allen argues that the judgment is void and therefore relief should be granted under the terms of Rule 60(b) (4). More particularly, Allen asserts that the judgment is void because it denied him due process since "such judgment was made without a hearing on that point. The only evidence adduced at the

---

10. The addition of Fed.R.Civ.P. 60(b)(6), a catch-all clause, was deemed "unprecedented." *See* Note, *Federal Rule 60(b) Relief from Civil Judgments*, 61 Yale L.J. 76, 81 (1952). Rule 60(b) resulted from a balancing of the goal of promoting finality of judgment against providing ample grounds to reopen a judgment when justice is demanded. The United States Supreme Court has interpreted the relationship of clause (6) to clauses (1)–(5) of Rule 60(b) and found them to be mutually exclusive. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). By finding something more than would be required for a motion under the other clauses of Rule 60(b), the courts have been able to use Rule 60(b)(6) in cases where they felt that justice would clearly be served. *E. g., Bros. Inc. v. W. E. Grace Mfg. Co.*, 320 F.2d 594, 609 (5th Cir. 1963).

11. Resolution of a Rule 60(b)(6) motion is to be made within the sound discretion of the trial court; the scope of appellate review is that of abuse of discretion. *Nordin Constr. Co. v. City of Nome*, 489 P.2d 455 (Alaska 1971).

12. Professors Wright and Miller observe that:
    The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.
    11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2864, at 214 (1973). *See also* 7 J. Moore, Federal Practice ¶ 60.-27[1], at 349 (1975).

13. Rule 60(b)(4) provides for reopening of a final judgment on the ground that "the judgment is void."

hearing was testimony and documents as to the debts owing S. Bussell." [14]

The only question for determination of the court in this portion of the appeal is whether the judgment violates due process of law. [15] The essence of Allen's claim of denial of due process is that a judgment was entered against him on behalf of Charles Bussell. What appellant overlooks is that Judge Fitzgerald was hearing the matter as a default hearing once he ruled that Allen's answer be stricken for failure to comply with discovery and the production order, and because of Allen's nonap-pearance at trial. Allen is not contending that he was improperly notified as to when the hearing was to take place, nor that he was denied an opportunity for hearing on the merits. Rather, his claim for denial of due process rests on the fact that no hearing took place which determined that Charles Bussell was entitled to judgment on the merits. To so hold would invalidate all default judgments rendered either by clerks, pursuant to Rule 55(b) [16] or by the court, without hearing, pursuant to Rule 55(c). [17]

Affirmed.

14. In *Aguchak v. Montgomery Ward Co., Inc.*, 520 P.2d 1352, 1354 (Alaska 1974), we recognized that a final judgment is subject to a Rule 60(b)(4) attack

. . . if the court that rendered it lacked personal jurisdiction over the defendant, or if it acted in a manner inconsistent with due process of law. (footnotes omitted)

We also recognized that unlike other Rule 60(b) motions, a motion pursuant to Rule 60(b)(4) involves no question of judicial discretion.

15. It is not contended that the superior court lacked personal jurisdiction over Allen. Allen was properly served and had filed an answer.

16. Civil Rule 55(b) reads:

Judgment by the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon the request of the plaintiff and upon affidavit of the amount due shall enter judgment by default for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person, and upon the proof required by Rule 73(c)(2).

17. Civil Rule 55(c) provides:

Judgment by the Court.

(1) In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

(2) When application is made to the court for a default judgment, counsel shall file a memorandum of the default, showing when and against what parties it was entered and the pleadings to which no defense has been made. If any party against whom judgment by default is sought is shown by the record to be an infant or incompetent person, or in the military service of the United States, counsel shall also file a memorandum stating whether or not that person is represented in the action by a general guardian, committee, conservator, attorney or such other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action or proceeding, the memorandum shall also indicate whether or not the record shows that notice has been served as required by paragraph (1) of this subdivision.

(3) If the amount of damages claimed in an application to the court for judgment by default is unliquidated, the applicant may submit evidence by affidavit showing the amount of damages and if, under the provisions of paragraph (1) of this subdivision, notice of the application is necessary, the parties against whom judgment is sought may submit affidavits in opposition.