Michael O'LINK, Appellant,

v.

Sylvia O'LINK, Appellee.

No. 5297.

Supreme Court of Alaska.

July 31, 1981.

Brent M. Wadsworth, Wadsworth, Stanley & Yerbich, Anchorage, for appellant.

William Van Doren, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This is an appeal from a superior court judgment modifying a property division incorporated within a divorce decree. The original divorce decree awarded Mr. O'Link the couple's real property. Mrs. O'Link was awarded $15,000.00 in cash. As a result of both parties' motions for modification of the decree, the superior court increased Mrs. O'Link's cash award to $65,000.00.

■■ Mr. O'Link appeals, claiming that the superior court erred in relying on allegedly inflated values for the property that he listed in a loan application eighteen months after the divorce decree was entered.[1] We do not reach the merits of Mr. O'Link's argument. The parties filed their motions for modification of the decree almost two and a half years after the decree was entered. We find that the motions were not filed within the time limits set out in Civil Rule 60(b).[2] The superior court,

[1]. At the time of the divorce, Mr. O'Link provided the following information in response to an interrogatory requesting a description and valuation of real property:

1. Lot 11, Block 1, Lakeshore Subdivisions: Purchased/recorded in name of Michael M. O'Link July 26, 1976, Value $40,000, mortgage $35,000, Equity $5,000.
2. Lot 1A, Addition No. 1, Alice Subdivisions: Purchased/recorded in name of Michael M. O'Link April 17, 1976, value $19,600. Mortgage $15,600. Equity $4,000.
3. Lots 8 & 9, Block 6, T. A. Smith Subdivision, Palmer: Purchased/recorded in name of Michael M. O'Link and Sylvia O'Link, August 1, 1972. Quitclaim Deed to sole ownership recorded in name of Michael M. O'Link October 8, 1975. Value $76,000. Mortgage $60,000. Equity $16,000.

All acquisitions paid for by Michael M. O'Link only. No income derived from properties. Item # 1 assessed value $12,240., Item # 2 assessed value $7,400.; Item # 3, assessed value, $56,800. Note: "value" for # 1 and # 2 means purchase price, "value" for # 3 means market price.

In the loan application he listed the property values as follows:

Lot 11, Block 1, Lakeshore Subdivision:
| | |
|---|---|
| Present market value: | $89,500 |
| Unpaid balance on loan: | 89,000 |

Lot 1A, Addition No. 1, Alice Subdivision:
| | |
|---|---|
| Present market value: | $45,000 |
| Unpaid balance on loan: | 14,643 |

Lots 8 & 9, Block 6, T. A. Smith Subdivision:
| | |
|---|---|
| Present market value: | $145,000 |
| Unpaid balance on loan: | 59,000 |

He listed his net worth as $196,306.85.

[2]. Civil Rule 60(b) is set forth in note 8 *infra*. The issue of the superior court's power to grant relief from the property division at this late date was not raised by the parties in the superior court. Mr. O'Link did not raise this issue in his statement of points on appeal, but in his brief he questioned the jurisdiction of the superior court to grant this relief. Mrs. O'Link argues that basic principles of equity and estoppel should prevent Mr. O'Link from arguing jurisdictional limitations at this point. Such

therefore, lacked jurisdiction to grant relief from the original divorce decree.

## I. FACTS

Mr. and Mrs. O'Link were married from 1971 through 1976. They had one child, Stephan. Mrs. O'Link filed a complaint for divorce in August, 1976, alleging an incompatibility of temperament between the parties. She sought custody of the child and $275.00 per month child support. She asked the court to make an equitable division of the property. In his amended answer and counterclaim, Mr. O'Link also sought custody of the child. Both parties were represented by counsel in the proceedings. Trial was held in February, 1977. The court accepted the parties' in-court stipulation regarding custody and property division. Mrs. O'Link was awarded custody of the child. Mr. O'Link was granted visitation rights and was required to pay $150.00 per month child support.

Pursuant to the property division, Mr. O'Link was to immediately pay Mrs. O'Link $1,000.00 and, commencing March 1, 1977, to pay $389.00 per month until the balance of $14,000.00 was paid. Mr. O'Link did not pay the initial $1,000.00, and he stopped making monthly support and property payments in January, 1978. The arrearages were reduced to judgment, pursuant to Mrs. O'Link's motion, in December, 1978.[3]

In April, 1979, Mr. O'Link filed a motion for modification of the arrearages judgment. He claimed that the judgment was excessive because it did not reflect payments he actually made, credit he should have received for the rental value of the family residence during Mrs. O'Link's occupancy following the divorce, and credit he should have received for the value of personal property Mrs. O'Link removed from the family residence.[4] In response, Mrs. O'Link filed an affidavit in which she disputed Mr. O'Link's claims and asserted that she had reason to believe he made false statements at the time of the divorce concerning assets acquired during the marriage.

Mr. O'Link's counsel negotiated with Mrs. O'Link's counsel in an attempt to resolve the dispute over the arrearages and other issues between the parties. In July, 1979, Mr. O'Link paid the entire arrearage of child support. In August, 1979, he filed, *pro se*, a motion for modification of the divorce decree. He asked the court to reduce Mrs. O'Link's cash award from $15,000.00 to $7,000.00 because the lesser amount more closely represented one-half of the couple's equity in their real property at the time of the divorce.

In September, Mrs. O'Link filed opposition to the motion for modification of the divorce decree, accompanied by a certificate

principles cannot be invoked to permit enlargement of the time limits set forth in Civil Rule 60(b). Civil Rule 6(b) specifically provides that the time limits set forth in Rule 60(b) cannot be enlarged. Rule 6(b) provides a limitation on the jurisdiction of the superior court to set aside its own judgments under Rule 60(b). *See* Advisory Comm. Notes accompanying 1948 amendment of Fed.R.Civ.P. 6(b) and 60(b). Under the analogous federal rules, subject matter jurisdiction issues may be raised at any time during litigation and must be raised by the court itself if the parties fail to do so. *See* Civil Rule 12(h)(3). *See also United States ex rel. Celanese Coatings Co. v. Gullard*, 504 F.2d 466, 467, 468–69 (9th Cir. 1974); *Florida Lime & Avocado Growers, Inc. v. Jacobsen*, 169 F.Supp. 774, 775–76, (D.C.Cal. 1958), *rev'd on other grounds*, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1393, at 863–67 (1969). Jurisdiction otherwise lacking cannot be conferred by estoppel. *Sadat v. Mertes*,

615 F.2d 1176, 1188 (7th Cir. 1980); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1393, at 863–64 & n. 61 (1969). This is true even if the party raising the jurisdiction issue had originally invoked the jurisdiction of the trial court. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–542, 95 L.Ed. 702, 710–11 (1951).

**3.** Mrs. O'Link was awarded attorney's fees in accordance with Civil Rule 82 in the amount of $1,187.60.

**4.** In addition to household items, Mrs. O'Link removed building plans for the family residence that Mr. O'Link stated he hoped to patent. Mr. O'Link valued the plans at $30,000.00 in an affidavit filed subsequent to his motion for modification of the divorce decree. He did not list the plans as an asset during the divorce proceedings.

of counsel. Mrs. O'Link again asserted her belief that Mr. O'Link had not fully disclosed the value of the couple's assets at the time of divorce. Her counsel requested a hearing, stating that he believed there was "great merit for the judgment to be increased in [Mrs. O'Link's] favor." The superior court viewed Mrs. O'Link's pleadings as a cross-motion for modification of the decree.

In October, 1979, a hearing was held in the superior court.[5] Each party called an expert witness to testify to the value of the real property. The court found "clear and convincing evidence . . . that a full and fair disclosure of the values of the property was not made by the defendant at the time of the divorce." In view of this, the court increased Mrs. O'Link's cash award to $65,-000.00. The court found that Mr. O'Link had paid $4,386.00 of the original settlement and it outlined a payment schedule for the balance of the revised amount due Mrs. O'Link. The court awarded Mrs. O'Link attorney's fees in the amount of $5,231.05.

## II. RULE 60(b)

Mr. and Mrs. O'Link did not designate the particular statute or rule of civil procedure under which they sought relief in the superior court. The statutory provisions for divorce do not provide special treatment for property divisions incorporated within divorce decrees.[6] A property division incorporated within a divorce decree is a final judgment and is modifiable to the same extent as any equitable decree of the court. *Thomas v. Thomas*, 581 P.2d 678, 679 n. 4 (Alaska 1978). Due to the lateness of the parties' motions, they cannot avail themselves of the provision for a new trial under Civil Rule 59.[7] Their motions, therefore, are viewed as requests for relief from judgment under Civil Rule 60.[8]

**5.** In its findings of fact and conclusions of law, the superior court stated that the hearing was held on Mr. O'Link's motion to modify the decree of divorce and on Mrs. O'Link's cross-motion to modify the decree. In addition to testimony on the true value of the real property, the court also heard testimony on the couple's dispute regarding the arrearage judgment and a provision in the divorce decree that left some confusion as to the parties' respective responsibilities for the child's medical and dental bills. These matters also were addressed in the court's findings and the judgment and are not contested on appeal. Accordingly, our review of the judgment is limited to its modification of the property division of the divorce decree and the award of costs and attorney's fees.

**6.** AS 09.55.220 provides:

Any time after judgment, the court, upon the motion of either party, may set aside, alter, or modify so much of the judgment as may provide for alimony, or for the appointment of trustees for the care and custody of the minor children, or for their nurture and education, or for the maintenance of either party to the action.

**7.** A motion for new trial must be brought not later than ten days after the entry of the judgment. Alaska R.Civ.P. 59(b). The court may not extend the time for taking action under this rule. Alaska R.Civ.P. 6(b).

**8.** Civil Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceedings was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not personally served, or to set aside a judgment for fraud upon the court.

*See Stradley v. Cortez*, 518 F.2d 488, 492 (3d Cir. 1975).

In his motion for modification of the divorce decree, Mr. O'Link claimed he was ill-advised by his attorney as to what he was required by law to pay Mrs. O'Link. He claimed that he agreed to the parties' stipulation because he was led to believe he would not be "harassed" by Mrs. O'Link when payments were irregular because of his irregular income so long as he made payments as best he could and the total amount was paid within three years. In other words, he entered into the agreement as a result of inadvertence or mistake. Under Rule 60(b)(1), a person is entitled to relief from a final judgment for mistake if the motion is made "not more than one year after the judgment, order or proceedings was entered or taken."

In her motion for modification, Mrs. O'Link claimed that she and the court were not informed of the true values of the couple's property at the time of the divorce. At the hearing on the motions for modification, she testified that during their marriage Mr. O'Link kept secret from her the value of their real property. Mrs. O'Link said she became aware of the true value of the property when she discovered the loan application shortly before the modification hearing. In essence, Mrs. O'Link's claim was based on fraud, misrepresentation, or other misconduct by Mr. O'Link in the valuation of the property. Under Rule 60(b)(3), a person is entitled to relief from a final judgment for fraud, misrepresentation, or other misconduct of an adverse party if the motion is made "not more than one year after the judgment, order or proceeding is entered or taken."

■ Mr. O'Link's motion for modification was filed two years and five months after the divorce decree was entered. Mrs. O'Link's motion was filed a month later. Under Alaska Civil Rule 6(b) and the identical federal rule, courts do not have the power to enlarge the one-year time limit for motions brought under Civil Rule 60(b)(1)–

(3). Alaska R.Civ.P. 6(b); Fed.R.Civ.P. 6(b); *Ackermann v. United States*, 340 U.S. 193, 197, 71 S.Ct. 209, 211, 95 L.Ed. 207, 210 (1950); *Keys v. Dunbar*, 405 F.2d 955, 957 (9th Cir.), *cert. denied*, 396 U.S. 880, 90 S.Ct. 158, 24 L.Ed.2d 138 (1969). *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2866, at 232–34 (1973). Accordingly, we hold that the superior court lacked jurisdiction to grant relief from the judgment in this case for reasons of mistake under Rule 60(b)(1) or of fraud, misrepresentation, or other misconduct under Rule 60(b)(3).

The only other provision under which the O'Links arguably could seek relief from the judgment is subsection (b)(6), the catch-all clause that permits relief for "any other reason justifying relief from the operation of the judgment." Relief under this clause is not limited by any strictly defined time period, but may be granted if the motion is made within a "reasonable" time. Alaska R.Civ.P. 60(b).

■ Clause (6) and the first five clauses of Rule 60(b), however, are mutually exclusive. Relief under clause (6) is not available unless the other clauses are inapplicable. *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266, 276, *mod. on rehrg.*, 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099 (1949). Clause (6) is reserved for extraordinary circumstances not covered by the preceding clauses.[9] The purpose of the clause has been described as follows:

> In general, relief is given under clause (6) in cases in which the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule....
>
> ... The broad power granted by clause (6) is not for the purpose of reliev-

---

**9.** *See, e. g., Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207, 212 (1950); *Goland v. Central Intelligence Agency*, 607 F.2d 339, 373 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980); *Livingston v. Livingston*, 572 P.2d 79, 85–86 (Alaska 1977); *Isemoto Contracting Co. v. Andrade*, 616 P.2d 1022, 1025 (Hawaii App.1980).

ing a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.

11 C. Wright & A. Miller, Federal Practice and Procedure § 2864, at 213–14 (1973) (footnotes omitted).

In *Livingston v. Livingston*, 572 P.2d 79, 85–87 (Alaska 1977), we relied on Rule 60(b)(6) to affirm a superior court judgment vacating the custody provisions of a default divorce decree. The superior court, acting *sua sponte*, had filed a motion to open and vacate the judgment for fraud upon the court because the child's mother and her counsel failed to inform the court, at the time of the divorce proceedings, that the child was not physically present in Alaska. *Id.* at 81. We found clause (6) was the applicable rule in the unusual circumstances of that case and noted that the rule was to be liberally construed, particularly with regard to default judgments. *Id.* at 85. The child's physical location was material to the issue of the court's jurisdiction to enter a custody decree. Further, our commitment to the paramount criterion of the best interests of the child in the resolution of custody issues justified invocation of Rule 60(b)(6). *Id.* at 86.

■ Though we recognize that Rule 60(b) in general, and clause (6) in particular, should be liberally construed to enable courts to vacate judgments whenever such action is necessary to accomplish justice, we do not find extraordinary circumstances sufficient to justify invocation of clause (6) in the present case. *E. g., Stradley v. Cortez*, 518 F.2d 488, 494–95 (3d Cir.1975); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2864, at 218–20 (1973). Mr.

O'Link's claim that he was misinformed by his attorney as to the rigidity of the payment schedule fits neatly into subsection (b)(1). The record does not show that he was unduly hindered in his attempts to protect his own interests.[10] In summary, we do not find that, under the circumstances of this case, modification of the property provisions of the divorce decree was appropriate to accomplish justice. We find, therefore, that Mr. O'Link was not entitled to relief from the judgment under Civil Rule 60(b)(6).

■ Similarly, Mrs. O'Link's assertions that Mr. O'Link failed to disclose the true value of the marital property at the time of divorce fits neatly into Rule 60(b)(3). Therefore, relief from the judgment on Mrs. O'Link's motion would be inappropriate under clause (6). The only other ground for relief available to her would be for fraud upon the court under the express saving clause in Rule 60(b).[11] In *Allen v. Bussell*, 558 P.2d 496 (Alaska 1976), we noted that the cases in which fraud upon the court has been found usually involved "'the most egregious conduct involving a corruption of the judicial process itself.'" *Id.* at 500 *quoting* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2870, at 255 (1973). In *Livingston v. Livingston*, 572 P.2d 79, 82 (Alaska 1977), we recognized that relief is not appropriate in cases in which the wrong "'was only between the parties in the case and involved no direct assault on the integrity of the judicial process. Nondisclosure by a party or his attorney has not been enough.'" *Id.* at 82, *quoting* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2870, at 253–54 (1973) (footnotes omitted).[12]

---

**10.** Professors Wright and Miller note:

A quite typical kind of case is that in which a party comes in more than a year after judgment to assert that he is the victim of some blunder by his counsel. Claims of this kind seem to fit readily enough within such grounds as mistake, inadvertence, and excusable neglect, all stated in clause (1), and courts frequently have so reasoned and held that clause (6) was inapplicable.

11 C. Wright & A. Miller, Federal Practice and Procedure § 2864, at 221–22 (1973) (footnote omitted).

**11.** Rule 60(b) expressly reserves to the court the power to entertain an independent action to relieve a party from a judgment "for fraud upon the court."

**12.** *See also Anderson v. State*, 584 P.2d 537, 540–41 (Alaska 1978); *Allen v. Bussell*, 558

In the present case, the superior court based its modification of the property division on its finding that Mr. O'Link did not make a "full and fair disclosure" of the values of the property at the time of divorce. Even if Mr. O'Link's figures were substantially lower than the true values of the property, this conduct would not, in our view, approach the level of egregious conduct necessary to support a finding that a fraud upon the court had been perpetrated. In answers to interrogatories during the divorce proceedings, Mr. O'Link adequately described the properties and listed their values. Mrs. O'Link and her counsel had an opportunity to contest these figures and to have the property appraised.[13]

Based on our review of the record, we conclude that in this case the fraud, if any, was only between the two parties and did not involve a direct assault on the integrity of the judicial process. We find, therefore, that granting relief from the judgment because of fraud upon the court would be an abuse of discretion.[14]

In summary, the parties did not designate the particular rule of civil procedure under which they sought modification of the property provisions of the divorce decree. The superior court did not indicate the grounds on which it granted relief. We have concluded that relief from the judgment in this case would properly have been granted only under clause (1) or (3) of Civil Rule 60(b).

Because the parties failed to comply with the one-year time limit of those subsections, the superior court lacked the power to grant the requested relief.

## III. ATTORNEY'S FEES AND COSTS

The superior court awarded Mrs. O'Link attorney's fees and costs in the amount of $5,231.05. Mr. O'Link argues that the court erred in including fees and costs incurred by Mrs. O'Link in previous litigation between the parties. At the hearing, the judge said his award would include "all costs and attorney's fees incurred to date and that includes to seek payment of previous amounts of property and child support."

We are unable to review the award because the record contains no evidence of the actual fees and costs which Mrs. O'Link incurred in defending Mr. O'Link's motions for modification of the arrearages judgment and for modification of the divorce decree. We note that the superior court has broad discretion in awarding costs and attorney's fees under Civil Rule 82.[15] *Palfy v. Rice*, 473 P.2d 606, 613 (Alaska 1970). The rule, however, only applies to "costs of the action." *Alaska State Housing Authority v. Riley Pleas, Inc.*, 586 P.2d 1244, 1249 (Alaska 1978). We find, therefore, that the superior court abused its discretion if it awarded fees and

P.2d 496, 500 (Alaska 1976); *Mallonee v. Grow*, 502 P.2d 432, 438–40 (Alaska 1972).

13. We have recognized that the parties to a divorce proceeding have a duty to obtain evidence of property values when it is readily accessible. *Martin v. Martin*, 530 P.2d 1386, 1387–88 (Alaska 1975). Mrs. O'Link testified that during the marriage Mr. O'Link refused to discuss with her the business transactions related to the couple's real property. She further testified that she knew the property settlement was unfair at the time of the divorce proceedings because the superior court judge purportedly told her she had been cheated. The record does not show how the parties reached their agreement regarding the division of property. Both were represented by counsel. Two of the properties had been purchased within a few months of Mrs. O'Link's complaint for divorce. From our review of the record we cannot say that Mrs. O'Link was prevented from making

an adequate appraisal of the property if she suspected Mr. O'Link had not stated the true values of the parcels.

14. The standard of review for trial court resolutions of claims for relief based on fraud upon the court is whether the court abused its discretion. *Mallonee v. Grow*, 502 P.2d 432, 439 (Alaska 1972).

15. AS 09.55.200(a) provides in pertinent part:
   During the pendency of the action, the court may provide by order
   (1) that one spouse pay an amount of money as may be necessary to enable the other spouse to prosecute or defend the action.
   We find that in an action such as this, when a party seeks modification of an arrearages judgment and of the property division in the divorce decree, the award of costs and attorney's fees is appropriately made under Civil Rule 82.

costs other than those incurred by Mrs. O'Link in defending Mr. O'Link's motions. Because we are unable to adequately review the award without knowing the basis on which it was entered, we remand that portion of the judgment providing for fees and costs for a redetermination consistent with this opinion.[16]

The superior court judgment, insofar as it modifies the property provisions of the divorce decree, is REVERSED. The award of attorney's fees is REMANDED for reconsideration consistent with this opinion.

See also, Alaska, 608 P.2d 759.

---

**16.** *See Miller v. McManus*, 558 P.2d 891, 893 (Alaska 1977).