SMITH, Appellant,

v.

OHIO DEPARTMENT OF HUMAN SERVICES et al., Appellees.

[Cite as *Smith v. Ohio Dept. of Human Serv.* (1995), 103 Ohio App.3d 149.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94API08–1151.

Decided April 25, 1995.

*Richard D. Koch,* for appellant.

· *Betty D. Montgomery,* Attorney General, and *Susan M. Sullivan,* Assistant Attorney General, for appellee Ohio Department of Human Services.

---

DESHLER, Judge.

The facts of this case are not in dispute. Plaintiff-appellant, William D. Smith, admitted paternity and was adjudged the father of Jonathan Goldsmith, born March 22, 1982. Appellant was ordered to pay child support to Mary Goldsmith, mother of the child.

Because Mary Goldsmith received aid to dependent children ("ADC"), the child support payments made by appellant were collected and assigned to various public agencies including appellee, Ohio Department of Human Services ("ODHS"), as reimbursement for public assistance paid by those agencies.

In 1991, appellant began to suspect that he might not be the father of Jonathan Goldsmith. Genetic testing results eventually excluded appellant as the father of the child. Upon motion by appellant and stipulation of the parties, the Erie County Court of Common Pleas, Domestic Relations Division, Juvenile Branch, then vacated its prior judgment of paternity, terminated child support withholding orders, and vacated any arrearage arising under the prior judgment. The question of repayment of prior support paid under the judgment entry was reserved to the parties for resolution. Appellant then brought suit in the Ohio Court of Claims against ODHS, seeking restitution for child support collected by ODHS from appellant. The Court of Claims entered judgment for ODHS on July 7, 1994, finding that appellant was not entitled to restitution.

Appellant has timely appealed and brings the following assignment of error:

"The trial court erred in ruling that the Ohio Department of Human Services is not obligated to make restitution of child support payments collected from a payee as a result [of] a subsequently vacated judgment obtained by the fraudulent conduct of the payee."

Initially, we note that there is no evidence in this case of any fraud on the part of the state, which was merely collecting child support pursuant to its statutory obligation under R.C. 2301.35(C) and 5107.07. ODHS has a positive legal duty by statute to collect support payments payable under a support order for the benefit of ADC recipients. A judgment of paternity being merely voidable, rather than void, such a judgment prior to being vacated constitutes sound justification for the state's actions in collecting child support from appellant. While recognizing the consequences of appellant's unfortunate situation in this case, the hard truth is that the unjust impoverishment which he has suffered does not necessarily correspond to any unjust enrichment on the part of the state.

In addition, restitution is inappropriate in this case because appellant has contributed to the alleged wrong here by his own conduct in voluntarily acknowledging paternity in 1982, and by refraining from any attempt to challenge the legality of the court's order for nearly ten years. In the case of *Haney v. Feltner* (July 3, 1984), Hamilton App. No. C–830715, unreported, 1984 WL 6674, the court reversed a trial court's order retroactively relieving a defendant from a support order where the defendant was subsequently excluded as the father of the child. The court in *Haney* distinguished between the timeliness of the defendant in seeking relief from future support payments, and his delay in seeking appropriate

genetic testing at an earlier time, which would have lead to earlier relief from the judgment of paternity.

In the present case, appellant admitted paternity of a child, then waited nearly ten years before availing himself of conclusive genetic testing which disproved his paternity. There is no indication in the record that appellant was in any way restricted from availing himself in 1982 of the genetic testing which proved conclusive in this case in 1992. We therefore hold that the Court of Claims did not err in denying appellant restitution for past child support payments made to the state.

Based upon the foregoing, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and CLOSE, JJ., concur.