**Michael ATCHERIAN, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellee.**

No. S–8468.

Supreme Court of Alaska.

Dec. 22, 2000.

Jody Davis and Andrew Harrington, Alaska Legal Services Corp., Fairbanks, for Appellant.

Terisia K. Chleborad, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

### OPINION

BRYNER, Justice.

## I. INTRODUCTION

In 1991 a default judgment of paternity was entered against Michael Atcherian, and CSED began collecting child support. Within a year of that default judgment, Atcherian became suspicious that he was not the child's father. But it was five years before Atcherian obtained a paternity test definitively excluding him as the biological father. Atche-rian then moved to vacate his paternity judgment and support obligation under Alaska Civil Rule 60(b)(6), based on the mother's misrepresentation that he was the father and his genetic test results. The superior court vacated the default judgment, and on reconsideration held that Atcherian was not entitled to full restitution, but only to a refund of child support collected on or after July 23, 1996, the date he filed his motion to vacate. Because CSED engaged in no fraud or other misconduct, we agree that full restitution is inappropriate. We thus affirm the court's order.

## II. FACTS AND PROCEEDINGS

Theresa Chimeralrea gave birth to H.A. on January 1, 1989. As required to receive public assistance, Chimeralrea assigned her right to collect child support to CSED and completed a paternity affidavit naming Michael Atcherian as the father. Chimeralrea and Atcherian had engaged in sexual relations but were not married. Chimeralrea indicated in her affidavit that she had not had sex with any other men during the period of H.A.'s conception.

Based on Chimeralrea's affidavit, CSED filed a complaint against Atcherian in Bethel superior court to establish his paternity and duty of support. Atcherian received a copy of the complaint with the affidavit attached, but failed to file an answer or responsive pleading. CSED then filed an application for entry of a default judgment of paternity, which the court granted on February 18, 1991. Two months later, CSED administratively ordered Atcherian to pay $792.00 per month in child support, and established support arrears of $17,248.00. CSED began collecting this support by garnishing Atcherian's wages, permanent fund dividends, and tax refunds.

Soon thereafter, Atcherian became suspicious that he was not H.A.'s father, because a cousin told him that another man had claimed H.A. as his child. Within a year of the default judgment, Atcherian, his wife, and the state Office of the Ombudsman all contacted CSED to dispute H.A.'s paternity. CSED consistently responded that Atcherian

would have to obtain a genetic test on his own and, if the test excluded him as the father, petition the superior court to overturn his judgment of paternity.

Atcherian made efforts to retain an attorney, but failed. Eventually, in 1994, he arranged for genetic testing through Chevak tribal court to determine H.A.'s paternity. Atcherian paid for the tests. In January 1996 he received the results, which proved that he was not H.A.'s father.

Six months later Atcherian, now represented by Alaska Legal Services, moved for an order vacating the 1991 judgment of paternity and duty of support under Alaska Civil Rule 60(b)(6). Atcherian claimed that he did not contest CSED's original paternity action because he had believed, based on Chimeralrea's statements and her paternity affidavit, that he actually was H.A.'s father. He also stated that he had misplaced the paperwork in the case and that he had not wanted to pay the cost of paternity testing.

The superior court concluded that justice required it to vacate the judgment because Atcherian was not H.A.'s father and because Chimeralrea had knowingly misrepresented to Atcherian that he was the only potential father. By then, CSED had garnished $28,916.39 from Atcherian to reimburse the state for public assistance it had paid on behalf of H.A., and $4,716.01 in child support that it had paid to Chimeralrea as H.A.'s custodian. The court initially ordered CSED to reimburse Atcherian all this money except the funds that had been disbursed to Chimeralrea. But in response to CSED's motion for reconsideration, the court set aside the portion of its order requiring CSED to reimburse Atcherian for funds collected before

July 23, 1996, the date Atcherian moved to vacate his paternity judgment.[1]

Atcherian appeals.

## III. DISCUSSION

### A. Standard of Review

■■■ We do not disturb the superior court's grant of a Rule 60(b) motion except upon a showing of an abuse of discretion.[2] However, we substitute our independent judgment in determining whether the superior court " 'applied the appropriate legal standard in exercising this broad discretion.' " [3] Likewise, while the trial court has broad discretion to determine if restitution is equitable,[4] the underlying issue of whether restitution should be granted when a judgment is set aside is a question of law that we review de novo.[5] Because the Alaska Statutes treat CSED's support orders as judgments for certain purposes, the superior court may grant relief from support orders by analogy to Civil Rule 60(b) upon a showing of grounds that would justify relief under that rule.[6]

### B. Atcherian Has Established a Basis for Restitution from the Mother, But Not from CSED.

■ Atcherian argues that the superior court erred in setting aside his paternity judgment and support obligation under Rule 60(b)(6) without ordering full restitution, because CSED has not shown that restitution would be inequitable. Atcherian relies on the Restatement of Restitution:

A person who has conferred a benefit upon another in compliance with a judgment ... is entitled to restitution if the judgment is

---

1. Although the superior court's order on reconsideration indicates that Atcherian is entitled to reimbursement of any support collected on or after July 23, 1997, this is apparently a clerical error, as Atcherian's motion to vacate was filed on July 23, 1996. The superior court may correct this error under Alaska Rule of Civil Procedure 60(a).

2. See Gravel v. Alaskan Village, Inc., 423 P.2d 273, 277 (Alaska 1967).

3. Lowe v. Lowe, 944 P.2d 29, 31 (Alaska 1997) (quoting Laing v. Laing, 741 P.2d 649, 651 (Alaska 1987)).

4. Cf. State, Dep't of Revenue, CSED v. Wetherelt, 931 P.2d 383, 390 n. 11 (Alaska 1997).

5. See State, Dep't of Revenue, CSED v. Mitchell, 930 P.2d 1284, 1287 & n. 6 (Alaska 1997).

6. See State, Dep't of Revenue, CSED v. Maxwell, 6 P.3d 733, 736 & n. 12 (Alaska 2000).

reversed or set aside, unless restitution would be inequitable.... [7]

■ CSED counters that restitution should never be permitted in a child support case when the underlying paternity judgment is set aside because restitution will always be inequitable to the child and to CSED. CSED also argues that Atcherian did not establish grounds for retroactive relief under Rule 60(b)(6) and that we should therefore affirm the court's order as a grant of prospective relief under Rule 60(b)(5).[8]

■ Clause (6) of Rule 60(b)[9] is reserved for "extraordinary circumstances" not covered by the preceding clauses of the rule.[10] It is a catch-all provision that permits relief from judgment for "any other reason justifying relief from the operation of the judgment" as long as the party moves for relief "within a reasonable time."[11] We liberally construe Rule 60(b)(6) to enable courts to vacate judgments whenever such action is necessary to accomplish justice.[12] The rationale for this liberal construction is strongest when a Rule 60(b) motion challenges a default judgment.[13] In general, relief is available under clause (6) where " 'the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable [neglect] of the party against whom it was directed under circumstances going beyond earlier clauses of the rule....' "[14] But relief under Rule 60(b)(6) is not appropriate "when a party takes deliberate action that he later regrets as a mistake."[15]

---

**7.** Restatement of Restitution § 74 (1937).

**8.** We may affirm a superior court's decision on any legal ground that appears in the record, even if the superior court did not consider the alternative ground. *See Northern Lights Motel, Inc. v. Sweaney*, 563 P.2d 256, 257 (Alaska 1977) (citing *Fireman's Fund Am. Ins. Cos. v. Gomes*, 544 P.2d 1013, 1017 n. 12 (Alaska 1976); *Ransom v. Haner*, 362 P.2d 282, 285 (Alaska 1961)).

CSED additionally suggests that, because the superior court's order on reconsideration granted only prospective relief, it should be characterized as a grant of relief under Rule 60(b)(5), under which retrospective relief would be categorically impermissible. *See Ferguson v. State, Dep't of Revenue, CSED*, 977 P.2d 95, 101 (Alaska 1999) (relief under Rule 60(b)(5) is available against only the prospective aspects of a paternity judgment). But the court explicitly grounded its original order on Rule 60(b)(6), and its order on reconsideration vacated only that portion of the original order requiring CSED to refund Atcherian money it retained. The court made clear that the original order "shall remain in effect in all other respects." Thus, CSED's characterization of the order on reconsideration is inaccurate.

**9.** Alaska Civil Rule 60(b) provides in part that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) *any other reason justifying relief from the operation of the judgment.*

The motion shall be made within a reasonable time, and for reasons (1),(2) and (3) not more than one year after the date of notice of the judgment or orders as defined in Civil Rule 58.1(c).

(Emphasis added.)

**10.** *O'Link v. O'Link*, 632 P.2d 225, 230 (Alaska 1981).

**11.** Alaska R.Civ.P. 60(b)(6). In this case, the state did not contest the timeliness of Atcherian's motion.

**12.** *See O'Link*, 632 P.2d at 230.

**13.** *Accord* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2857, at 257–58 (1995) ("There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits."); *see also Livingston v. Livingston*, 572 P.2d 79, 85 & n. 13 (Alaska 1977) (recognizing this rule).

**14.** *Lacher v. Lacher*, 993 P.2d 413, 419 (Alaska 1999) (quoting *O'Link*, 632 P.2d at 229).

**15.** *Dewey v. Dewey*, 969 P.2d 1154, 1159 (Alaska 1999).

The superior court set aside Atcherian's paternity judgment and support obligation under Rule 60(b)(6) because it concluded that "justice does not allow the default judgment to stand" given that the judgment was based on the mother's knowing misrepresentation regarding H.A.'s paternity, which Atcherian initially relied on but eventually disproved.[16] The superior court did not clearly err in reaching this decision. Atcherian's duty of support was originally based solely on information in Chimeralrea's affidavit, including her fraudulent representations that Atcherian was H.A.'s biological father and that she had not had sex with any other men during the period of H.A.'s conception.[17] Atcherian's reasonable initial reliance on these false representations, coupled with CSED's subsequent refusals to assist him, despite his persistent efforts to reopen the paternity issue, led to substantial delay in his ability to conclusively establish that he is not H.A.'s biological father. These circumstances provide sufficient grounds to support the superior court's exercise of discretion in granting partially retroactive relief under Rule 60(b)(6).[18]

Atcherian asks us to go further by ruling that the circumstances of his case compelled full reimbursement from CSED of all child-support debt that the agency had ever collected, including funds that CSED had already paid to the mother as child support or to the state as reimbursement for public assistance. We recently recognized in *State, Department of Revenue, CSED v. Maxwell*[19] that, when a non-biological father who has disestablished paternity makes a sufficient showing of equitable grounds under Rule 60(b), the superior court has discretion to order CSED to reimburse all previously collected funds it retained when the disestablishment action was filed.[20] But we also recognized that—barring impropriety by CSED in establishing or collecting the support obligation—a newly disestablished father cannot require the agency to repay funds that it has already disbursed.[21]

We have never entirely foreclosed the possibility that CSED might be required to pay full restitution in truly exceptional situations.[22] But the right to such a recovery

---

**16.** Normally, a putative father must move for relief from judgment based on the mother's misrepresentation of paternity within a year of entry of judgment under Rule 60(b)(3). *Accord Mr. G. v. Mrs. G .*, 320 S.C. 305, 465 S.E.2d 101, 102–03 (S.C.App.1995); *State, Dep't of Family Servs. v. PAJ*, 934 P.2d 1257, 1261–62 (Wyo.1997). Claims may be brought under Rule 60(b)(6) only if relief is unavailable under clauses (1)-(5). *See Lacher*, 993 P.2d at 419; *Village of Chefornak v. Hooper Bay Constr. Co.*, 758 P.2d 1266, 1270 (Alaska 1988); *O'Link*, 632 P.2d at 229. Atcherian argued below that Chimeralrea was a third-party witness, not a real party in interest, and that relief was thus unavailable under Rule 60(b)(3). The superior court did not reach this issue because it found that relief was justified under Rule 60(b)(6) because "justice so requires."

**17.** CSED suggests that Chimeralrea simply made a mistake about the child's conception date. But CSED does not appeal the court's factual finding of fraud, nor does it offer specific evidence suggesting that this finding was clearly erroneous. There was ample testimony by Chimeralrea to support the court's finding of knowing misrepresentation. We defer to the trial court's determination on this credibility issue. *See Grober v. State, Dep't of Revenue, CSED*, 956 P.2d 1230, 1234 n. 9, 1236 (Alaska 1998).

**18.** Our conclusion that the totality of these circumstances supports relief under Rule 60(b)(6)

makes it unnecessary to determine whether Chimeralrea's status as a third-party witness would have precluded relief under Rule 60(b)(3), thereby allowing relief under Rule 60(b)(6) based solely on Chimeralrea's misrepresentation. Because Atcherian did not name Chimeralrea as a party, we also need not determine whether Atcherian could seek full restitution in a direct action for reimbursement against Chimeralrea.

**19.** 6 P.3d 733 (Alaska 2000).

**20.** *See id.* at 738.

**21.** *See id.; see also State, Dep't of Revenue, CSED v. Mitchell*, 930 P.2d 1284, 1289–90 (Alaska 1997) (court may not order a refund as to funds collected by CSED but passed through to another entity where CSED had no knowledge of the putative father's right to recover).

**22.** *See Maxwell*, 6 P.3d at 738 (holding, in the absence of misconduct by CSED, that a disestablished father whose support obligation has been vacated under Rule 60(b) is entitled only to a refund of funds still retained by the CSED); *Kilpper v. State,. Dep't of Revenue, CSED*, 983 P.2d 729, 732–33 (Alaska 1999) (noting that relief from child support arrears might be available upon proof of grounds that would warrant retrospective relief from judgment under Alaska Civil

necessarily presupposes agency misconduct or impropriety sufficiently egregious to justify holding CSED directly liable for fulfilling its statutory duty to act on behalf of mothers and children by establishing paternity and collecting child support debts from putative fathers. Here, Atcherian has advanced no compelling reason to hold CSED directly liable for undertaking legally authorized collection efforts.

Atcherian argues that he is entitled to restitution from CSED because it breached an unwritten policy to perform genetic testing on putative fathers who contest their paternity within a year of a default judgment. But the superior court rejected this description of events, and Atcherian has failed to demonstrate that the court's finding is clearly erroneous. As CSED points out, evidence that its internal policy was in effect when Atcherian challenged his paternity is, at best, equivocal. Though CSED conceded in 1996 that this policy had been in effect for "many years," Atcherian presented no evidence regarding whether, where, and to what extent CSED adhered to this policy in the year immediately following Atcherian's February 1991 default judgment. Nor has Atcherian cited any persuasive authority for the proposition that CSED would be bound by the kind of informal, unwritten policy that he alleges the agency had adopted. Accordingly, we affirm the superior court's order on reconsideration, which refused to make CSED return funds already collected and spent on H.A.'s behalf.[23]

## C. *The Superior Court's Order on Reconsideration Bars CSED From Collecting Support That Accrued Before Atcherian Filed His Motion to Vacate.*

Our decision to affirm the order on reconsideration does not resolve this appeal, however, since the parties disagree over the scope of the reconsideration order. Their disagreement requires us to determine the order's meaning.[24] The court's order on reconsideration provides:

> [T]he portion of the court's [original order] which requires "CSED to reimburse Michael [Atcherian] for any amounts retained by the State" is hereby VACATED. The order shall remain in effect in all other respects, i.e., the default judgment of paternity entered against Michael Atcherian is vacated, and he is granted relief from the judgment prospectively from July 23, 1996, the date of filing his motion to vacate judgment. Michael Atcherian is not entitled to reimbursement of any support collected by CSED prior to July 23, 1996, pursuant to the validly entered default judgment of paternity. Michael Atcherian is entitled to reimbursement of any support collected on or after July 23, 1997, and retained by CSED because such support, if any, constitutes unjust enrichment.

Atcherian argues that this order bars CSED from collecting or retaining any child support collected or accruing on or after July 23, 1996, the date he filed his motion to disestablish paternity. In contrast, CSED reads the order as granting Atcherian purely prospective relief from his support obligation,

---

Rule 60(b), or if an obligor raises defenses of estoppel and waiver against CSED when it seeks to collect arrears on an assigned claim for public assistance); *Ferguson v. State, Dep't of Revenue, CSED*, 977 P.2d 95, 101 (Alaska 1999) (holding that a disestablished father was entitled to prospective relief only under Rule 60(b)(5), but noting that "we need not consider whether more comprehensive relief might have been granted under some other part of Rule 60(b)"); *State, Dep't of Revenue, CSED v. Wetherelt*, 931 P.2d 383, 390–91 & n. 14 (Alaska 1997) (holding that CSED was not required to refund support collected from a disestablished father prior to the date he filed his motion because that money had been spent for public assistance payments on the

child's behalf and CSED was not unjustly enriched).

23. *Accord Smith v. Ohio Dep't of Human Servs.*, 103 Ohio App.3d 149, 658 N.E.2d 1100, 1101 (1995) (vacating arrears based on putative father's disestablishment of paternity, but denying restitution in the absence of fraud on the part of the state, which was merely collecting child support pursuant to its statutory obligation).

24. "The legal effect of a court order is a question of law, which [we] review[ ] de novo." *Wetherelt*, 931 P.2d at 387 n. 4.

leaving him liable for all arrears that accrued before July 23, 1996.

We agree with Atcherian's reading of the court's order. This interpretation finds support in the superior court's reliance on our decision in *State, Department of Revenue, CSED v. Wetherelt.*[25] The only child support payments at issue in *Wetherelt* were uncollected arrears.[26] We held that the doctrine of unjust enrichment did not entitle Wetherelt to reimbursement of the support that CSED collected before he filed his motion, since CSED had already spent the funds on the child to whom Wetherelt owed a legal duty of support when the agency collected and disbursed the money.[27] But we nevertheless ordered CSED to refund all post-filing wages it garnished, even though those garnished wages applied to pre-filing arrears.[28] Since this is exactly what the reconsideration order appears to do here—and since the superior court expressly relied on *Wetherelt* in entering the order—CSED's interpretation of the court's order is unpersuasive.

Our recent decision in *Maxwell* confirms this conclusion.[29] Although the specific grounds for vacating CSED's support order in *Maxwell* differed from the grounds involved here, our decision in *Maxwell* validates the general principle implicit in *Wetherelt:* that when paternity is disestablished and a support obligation vacated on a ground that would warrant relief under Rule 60(b), CSED ordinarily will be required to reimburse all funds in its possession when the paternity action was filed, as well as any additional funds it collects thereafter, regardless of whether those funds reflect child support debt accruing before or after the date of filing.[30]

## IV.  CONCLUSION

The superior court's order on reconsideration vacating its grant of restitution, but relieving Atcherian of uncollected arrears and entitling him to a refund of support payments collected and retained by CSED on or after July 23, 1996, is AFFIRMED.

**25.**  931 P.2d 383 (Alaska 1997).

**26.**  *See id.* at 385–86.

**27.**  *See id.* at 390–91.

**28.**  *See id.* at 391 n. 15.

**29.**  *See* 6 P.3d 733 (Alaska 2000).

**30.**  *See id.* at 737.  It follows that CSED's reimbursement duty in this case should extend to any funds collected before the motion but disbursed after CSED received notice of the motion.