NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KAZUE BULGER-POST, | ) | |
| | ) | Supreme Court No. S-15013 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-11-08896 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MICHAEL CODY POST, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1537 – April 8, 2015 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Mark Rindner, Judge.

Appearances: Mario L. Bird, Ross & Miner, PC, Anchorage, for Appellant. Tara Logsdon, Golter & Logsdon, P.C., Palmer, for Appellee.

Before: Fabe, Chief Justice, Stowers, Maassen, and Bolger, Justices. Winfree, Justice, dissenting.

## I.    INTRODUCTION

Kazue Bulger-Post and Michael Post separated after 25 years of marriage. Michael later instituted a legal separation proceeding, to which Kazue did not respond. At the default hearing, Michael did not disclose the substantial value of his retirement accounts, and the Palmer superior court did not inquire about their value. Kazue did not appeal the default judgment, but eight months later she filed a motion seeking relief from

---

[*]    Entered under Alaska Appellate Rule 214.

the property division. The motion was denied and she did not appeal. Michael later filed for divorce in Palmer; the case was moved to Anchorage. Kazue filed a second motion for relief from the property division judgment and answered the divorce complaint with a request for spousal support. The Anchorage superior court denied her motion and declined to award spousal support.

We conclude that the superior court did not abuse its discretion in denying the second motion for relief from judgment because the requested relief was both untimely and unreasonably duplicative of the prior proceedings. But in view of the one-sided property division in the legal separation proceeding, we conclude that the superior court had the statutory responsibility to determine an award of permanent spousal support that would fairly allocate the economic effect of the divorce.

## II. FACTS AND PROCEEDINGS

Kazue Bulger-Post and Michael Post married in 1983 in Anchorage. They have three adult children. Kazue received a bachelor's degree in education when she was 45 years old. At the time of trial she had a master's degree in education and was pursuing her doctorate. She was a sixth-grade teacher for the Anchorage School District. Michael was retired from the United States Air Force, the Air National Guard, and the Federal Aviation Administration. The couple owned homes in Anchorage and Palmer.

Kazue and Michael separated in September 2008. Michael filed a complaint for legal separation and property division in March 2009 in Palmer, but Kazue did not respond. A default finding was entered against her and a default hearing was scheduled. Kazue did not appear; she stated she was unaware of the hearing because the date was set while she was in Japan, and the hearing was held only two days after her return.

At the default hearing, Michael submitted a list of property to be divided. In response to the court's questions, Michael testified that the property division was

"well established" between he and Kazue, that it was a fair agreement, and that she had not made any property demands. But he also testified that he did not know what Kazue really wanted.

The superior court granted the legal separation and accepted the property division Michael proposed. Michael received his employment and retirement benefits, including his Smith Barney IRA accounts, as well as other real and personal property, including the Palmer property. The values of Michael's Smith Barney IRA accounts were not discussed at the default hearing or in the superior court's findings of fact and conclusions of law. Kazue received her employment and retirement benefits, all bank accounts in her name, a joint Smith Barney account with Michael, and the Anchorage house with everything in it. Kazue did not appeal the property division.

About eight months after the legal separation decree was entered, Kazue filed a "request to set aside [d]efault [j]udgment." She argued that the emotional toll of the separation had caused her "failure to comply with[] the legal procedure in time." She also suggested that her cancer diagnosis in September 2009 and ongoing depression had affected her ability to reply. Kazue argued that the property division was not fair and equitable because "Michael failed to disclose the amount of his retirement income and resources at the time of filing for the [l]egal [s]eparation." She requested "a full disclosure of each [Smith Barney IRA] account." Michael responded that Kazue knew about the complaint and had intentionally chosen not to respond, and he noted that the judgment had been entered months before her cancer diagnosis. Furthermore, he argued that the property division was fair and that he made full disclosure.

The superior court construed Kazue's request as a motion for relief from judgment under Alaska Civil Rule 60(b)(1) and (3). The superior court determined that the legal separation court's "fail[ure] to value the marital assets in the property division" was a legal error, not a factual one; accordingly Kazue's motion was untimely because

a Rule 60(b) motion concerning legal error must be made within 30 days of entry of judgment.[1]  The superior court found that Kazue had made an intentional choice not to respond to Michael's complaint for legal separation, citing two emails from a friend urging Kazue to answer the complaint and retain an attorney.  Accordingly Kazue's decision was not a "mistake" that could support relief from judgment under Rule 60(b)(1).  Finally, the superior court concluded that Kazue's health did not establish "excusable neglect" under Rule 60(b)(1) because she was not diagnosed with cancer until months after the entry of default judgment, and because she "ha[d] not alleged any facts showing that her depression or mental health issues inhibited her from timely responding to any of [Michael's] filings or otherwise making any sort of an appearance in this case."  And the superior court denied Kazue's claim of fraud under Rule 60(b)(3), concluding that despite Michael's failure to fully disclose his assets, his behavior was not sufficiently egregious to justify setting aside the judgment.  Kazue did not appeal the superior court's order denying her request for relief from judgment.

Michael filed for divorce in May 2011, and venue was later changed to Anchorage.  The values of Michael's Smith Barney accounts in 2011 were disclosed through discovery: $101,200, $98,460, and $381,577.  Kazue answered the divorce complaint, asking that the Anchorage superior court "determine that any division of property is fair and equitable" and requesting spousal support.

In March 2012 Kazue filed a second motion for relief from judgment, this time under Rule 60(b)(5) and (6), seeking to vacate the property division entered in the

---

[1]    *See Williams v. Williams*, 252 P.3d 998, 1006 (Alaska 2011) ("While Rule 60(b)(1) claims must normally be filed within one year, claims that the trial court has made a mistake of law constitute a special exception, and become time-barred after 30 days." (footnote omitted) (citing *Alaska Truck Transp., Inc. v. Berman Packing Co.*, 469 P.2d 697, 700 (Alaska 1970))).

legal separation proceeding. She requested relief under Rule 60(b)(6) because "reopening of the property division is necessary to accomplish justice," "[r]ecently produced evidence shows the property division to have been grossly inequitable," and Michael "perpetrated a fraud on the court." Kazue argued that "[t]he statements from [the Smith Barney IRA] accounts . . . were only recently made available." She alleged that Michael received net assets of $684,110, or 64% of the marital estate, while she received $391,631, or 36%. And she sought relief under Rule 60(b)(5), contending that it would be inequitable to prospectively apply the retirement benefit property division given her cancer diagnosis.

The Anchorage superior court denied Kazue's motion, concluding that it was untimely, that it was barred by res judicata, and that relief under Rule 60(b)(6) was not appropriate because such relief is only available when no other subsections of Rule 60(b) could provide relief. The superior court held a divorce trial in June 2012 and entered findings of fact and conclusions of law. Michael, 64 years old at the time of trial, was found to have an income of approximately $9,000 per month from his pensions, social security, and retirement accounts, and his share of the marital estate was worth $684,110. Kazue was 60 years old at the time of trial and earned approximately $4,500 per month. Her cancer was in remission. If she chose to retire her pension would have been about $1,000 per month. Kazue's share of the marital estate was valued at $391,631. The superior court denied Kazue's request for spousal support because it "[wa]s neither just nor necessary under the circumstances of this case."

Kazue appeals, arguing that the superior court abused its discretion by denying her motion for relief from judgment and by not awarding spousal support.[2]

---

[2] Kazue also alleges errors concerning the Palmer superior court's Findings of Fact and Conclusions of Law in the legal separation case, and its denial of Kazue's
(continued...)

## III.   STANDARD OF REVIEW

"We review orders denying Alaska Civil Rule 60(b) relief for abuse of discretion."[3]   We also review decisions regarding spousal support for abuse of discretion.[4]  We reverse such decisions "only if they are clearly unjust."[5]  Whether res judicata applies is a question of law we review de novo.[6]

## IV.   DISCUSSION

### A.      The Superior Court Did Not Abuse Its Discretion By Denying Kazue's Motion For Relief From Judgment.

The Anchorage superior court denied Kazue's motion for relief from judgment on the grounds that it was untimely, barred by res judicata, and because motions under Rule 60(b)(6)[7] are proper only when no other Rule 60(b) provision applies.

---

[2](...continued)
first motion for relief from judgment.  These issues are not properly considered in this appeal and we will not address them.

[3]      *Cook v. Cook*, 249 P.3d 1070, 1077 (Alaska 2011).

[4]      *Urban v. Urban*, 314 P.3d 513, 515 (Alaska 2013) (citing *Barnett v. Barnett*, 238 P.3d 594, 597 (Alaska 2010)).

[5]      *Id.* (internal quotation marks omitted).

[6]      *DeNardo v. Calista Corp.*, 111 P.3d 326, 329 (Alaska 2005) (citing Tru-Line Metal Prods., Inc. v. U.S. Fabrication & Erection, 52 P.3d 150, 153 (Alaska 2002)).

[7]      Rule 60(b)(6) permits the court to grant relief from judgment for "any other reason justifying relief from the operation of the judgment."

### 1. Kazue's motion for relief from judgment was untimely.

Kazue's allegations of newly discovered evidence and fraud under Rule 60(b)(6) raised issues that should have been asserted under Rule 60(b)(2)[8] and (3),[9] which carry a one-year deadline.[10] Her motion, nearly three years after the property division, was thus untimely.

Kazue's argument under Rule 60(b)(5)[11] — that prospective application of the property division was no longer equitable due to her cancer diagnosis — must have been made within a "reasonable time."[12] In determining whether a Rule 60(b)(5) motion was brought in a reasonable time, we consider the time between the relevant change in circumstances and the motion for relief, not merely the time between the judgment and the motion.[13] For example, we have permitted a Rule 60(b)(5) motion brought two and

---

[8] Rule 60(b)(2) permits the court to grant relief from judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

[9] Rule 60(b)(3) permits the court to grant relief from judgment due to the occurrence of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

[10] Alaska R. Civ. P. 60(b); *cf. Vill. of Chefornak v. Hooper Bay Constr. Co.*, 758 P.2d 1266, 1270 (Alaska 1988) (holding that Rule 60(b)(6) cannot be used "to circumvent the time limit if the circumstances actually amount to a 60(b)(1) claim").

[11] Rule 60(b)(5) permits the court to grant relief from judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

[12] Alaska R. Civ. P. 60(b).

[13] *See, e.g., Cox v. Floreske*, 288 P.3d 1289, 1292-93 (Alaska 2012); *Dixon v. Pouncy*, 979 P.2d 520, 526 (Alaska 1999); *Propst v. Propst*, 776 P.2d 780, 783

(continued...)

a half years after the entry of a divorce decree because the ex-husband filed his motion within a year of discovering he was not the father of his ex-wife's child.[14] And we have permitted other Rule 60(b)(5) motions if the motion was made soon after a change in circumstances, despite the length of time since judgment.[15]

Here, however, Kazue waited nearly two and a half years after her diagnosis to move for relief under Rule 60(b)(5), and she provided no explanation justifying this delay. The superior court therefore did not abuse its discretion by concluding that the delay was unreasonable and the motion untimely.

> **2. Kazue's motion for relief from judgment was barred by res judicata.**

Res judicata prevents a party from relitigating a claim that was litigated or could have been litigated in a prior proceeding.[16] Res judicata may not be invoked to bar a first Rule 60(b) motion because it is a direct attack on a judgment, but res judicata may bar a second Rule 60(b) motion if the issues asserted could previously have been raised in the first motion.[17] In this case, Kazue's second motion raised claims that could have been raised in her first motion.

---

[13](...continued)
(Alaska 1989).

[14] *Dixon*, 979 P.2d at 522, 526.

[15] *See, e.g.*, *Cox*, 288 P.3d at 1292-93 (permitting Rule 60(b)(5) motion 17 months after judgment in part because motion filed soon after change in circumstances); *Propst*, 776 P.2d at 783 (permitting Rule 60(b)(5) motion challenging support order when the Child Support Enforcement Division told father it would not enforce support order, but decided to enforce it two years later, and father challenged enforcement within two months).

[16] *Dixon*, 979 P.2d at 523.

[17] *Id.* at 524 (citing *Calhoun v. Greening*, 636 P.2d 69, 72 (Alaska 1981)).

Kazue's first motion for relief from judgment alleged that the Palmer superior court made a mistake in not fairly valuing the property, that Kazue made a mistake in not answering the legal separation complaint, that her neglect was excusable due to her depression and cancer, and that Michael's non-disclosure of assets was fraudulent. The Palmer superior court denied her motion, and she did not appeal.

Kazue's second motion for relief from judgment contained similar allegations. She requested relief under Rule 60(b)(6) because "[t]he statements from [the Smith Barney IRA] accounts . . . were only recently made available," Michael "perpetrated a fraud on the court," and "reopening of the property division is necessary to accomplish justice." And she sought relief under Rule 60(b)(5), contending that her cancer diagnosis made prospective application of the retirement benefit property division inequitable.

These issues were already decided or could have been raised in her first motion. Although Kazue did not learn the values of the Smith Barney accounts until after her first motion for relief from judgment was denied, her second motion was based on the same argument: that the court erred in failing to value these assets. Her claim that the prospective application of the property division was no longer equitable due to her cancer diagnosis could have been brought in her first motion for relief from judgment. In the first motion, she alleged that her cancer impaired her ability to timely contest the property division, whereas in her second motion she argued that her cancer made it unfair to prospectively apply the property division. The latter claim could have been brought with the former. Her fraud claim was also duplicative of the first motion. Kazue cannot sidestep the doctrine of res judicata merely by bringing her claim under a different section of Rule 60(b). The Anchorage superior court did not abuse its discretion in concluding that Kazue's second motion was barred by res judicata.

### 3. Kazue was not entitled to relief from judgment under Rule 60(b)(6).

Rule 60(b)(6) is applicable only when relief is not available under any other provision of Rule 60(b) and extraordinary circumstances are present.[18] Rule 60(b)(6) can provide relief where "the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable [neglect] of the party against whom it was directed under circumstances going beyond earlier clauses of the rule . . . ."[19] However, "[t]he broad power granted by [Rule 60(b)](6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests."[20] The Anchorage superior court concluded that Rule 60(b)(6) relief was not appropriate in this case, and we agree.

Kazue's Rule 60(b)(6) claim was improper because relief could have been available under Rules 60(b)(2), (3), and (5): Her claims raised issues of newly discovered evidence, fraud, and prospective application of the judgment. And Kazue has not shown the "extraordinary circumstances" required to justify Rule 60(b)(6) relief.[21] We have

---

[18] *Atcherian v. State, Dep't of Revenue, Child Support Enforcement Div.*, 14 P.3d 970, 974-75 & n.16 (Alaska 2000); *Lacher v. Lacher*, 993 P.2d 413, 419 (Alaska 1999); *Vill. of Chefornak v. Hooper Bay Constr. Co.*, 758 P.2d 1266, 1270 (Alaska 1988); *O'Link v. O'Link*, 632 P.2d 225, 229 (Alaska 1981).

[19] *Atcherian*, 14 P.3d at 974 (alteration in original) (quoting *Lacher*, 993 P.2d at 419) (internal quotation marks omitted).

[20] *Lacher*, 993 P.2d at 419 (quoting *O'Link*, 632 P.2d at 229-30) (internal quotation marks omitted).

[21] Kazue argues that "Michael's willingness to reopen the case" by filing for divorce constitutes an exceptional circumstance. This argument is waived because Kazue did not raise it before the superior court. *See, e.g.*, *Alderman v. Iditarod Props.,*

(continued...)

allowed relief under Rule 60(b)(6) where a divorce or dissolution agreement omitted substantial marital assets or "the fundamental, underlying assumption of the dissolution agreement ha[d] been destroyed."[22] But Rule 60(b)(6) relief is not available in situations where marital assets were overvalued or where one party failed to disclose the true value of marital property; these cases fall under Rule 60(b)(3) because the fraud involved "was only between the parties . . . and involved no direct assault on the integrity of the judicial process."[23]

This case falls within the latter category. Michael disclosed the existence of the Smith Barney accounts during the default proceedings, but he did not disclose their value. This may have constituted a fraud against Kazue that would have justified relief under Rule 60(b)(3). However, she failed to appeal the denial of such relief. She cannot now argue that the alleged fraud constitutes an extraordinary circumstance under Rule 60(b)(6). Consequently relief from judgment under Rule 60(b)(6) was not appropriate in this case.

---

[21](...continued)
*Inc.*, 104 P.3d 136, 145-46 (Alaska 2004) ("Absent plain error, we generally will not consider issues raised for the first time on appeal." (citing *Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 355 (Alaska 2001))).

[22]     *See, e.g.*, *Hopper v. Hopper*, 171 P.3d 124, 127, 129-130 (Alaska 2007) (alteration omitted) (internal quotation marks omitted) (holding Rule 60(b)(6) relief appropriate when wife "did not have the mental ability . . . to voluntarily and intelligently think about the terms of a petition for dissolution of marriage" and her "mistaken underlying assumption [was] that all of the property belonged to [her husband] and she therefore was not entitled to any portion of it").

[23]     *O'Link*, 632 P.2d at 230 (internal quotation marks omitted) (holding Rule 60(b)(6) relief not available when wife asserted that husband failed to disclose true value of marital property); *see also Cook v. Cook*, 249 P.3d 1070, 1084 (Alaska 2011) (concluding overvaluation of marital stocks did not destroy fundamental underlying assumption of agreement).

**B.     Spousal Support Is Necessary To Fairly Allocate The Economic Effect Of The Divorce.**

The divorce judgment statute provides for spousal support "as may be just and necessary . . . [to] fairly allocate the economic effect of divorce."[24] The determination of spousal support is based on factors similar to those controlling the division of property.[25] The superior court should consider:

> (A) the length of the marriage and station in life of the parties during the marriage;
>
> (B) the age and health of the parties;
>
> (C) the earning capacity of the parties, including their educational background, training, employment skills, work experiences, length of absence from the job market, and custodial responsibilities for children during the marriage;
>
> (D) the financial condition of the parties, including the availability and cost of health insurance;
>
> (E) the conduct of the parties, including whether there has been unreasonable depletion of marital assets;
>
> (F) the division of property . . . ; and
>
> (G) other factors the court determines to be relevant in each individual case.[26]

The Anchorage superior court's findings indicate that the economic effect of the legal separation property division unfairly favored Michael. Michael was four years Kazue's senior and retired, and Michael's $9,000 monthly income was double Kazue's. Kazue was still working; if she chose to retire at the time of trial, her income

---

[24]     AS 25.24.160(a)(2).

[25]     *Compare* AS 25.24.160(a)(2)(A)-(E), *with* AS 25.24.160(a)(4)(A)-(E).

[26]     AS 25.24.160(a)(2)(A)-(E).

would only have been $1,000 per month. The superior court noted that Michael and Kazue received $684,110 and $391,631 worth of marital property, respectively, in the legal separation proceeding. It then stated: "In the Final Decree of Legal Separation the [Palmer superior] court found the property division to be 'fair and equitable, equitably allocating the economic impact of this divorce.' " However, the superior court devoted no analysis to this division of property, its relationship to the other factors, or how the property division influenced the overall economic effect of the divorce.[27]

The Anchorage superior court concluded that it was bound by the finding in the legal separation proceeding that the property division was fair and equitable. It did not explain its reasoning, but we assume that it was relying on the doctrine of collateral estoppel. We have previously held, however, that "default judgments should not be given any issue-preclusive effect, because they do not entail a full and actual litigation of the underlying factual issues."[28] There was no litigation of the underlying property division issues in the legal separation proceeding because Kazue did not participate. Therefore, the legal separation court's conclusion that the property division was "fair and equitable" should not have been given any preclusive effect in the subsequent divorce litigation.[29] Rather, the Anchorage superior court was bound to follow the statutory

---

[27]     *See* AS 25.24.160(a)(2)(F).

[28]     *Wall v. Stinson*, 983 P.2d 736, 740 (Alaska 1999).

[29]     If the superior court felt it could not award spousal support due to the Palmer superior court's denial of Kazue's first motion for relief from judgment, this was error. Kazue was denied relief under Rule 60(b)(1) because her request for relief due to mistake of law was untimely and because she had failed to demonstrate excusable neglect. And her claim for relief under Rule 60(b)(3) was denied because Michael's behavior was not sufficiently egregious to constitute fraud or misrepresentation. The order denying Kazue's first motion for relief from judgment had nothing to do with
(continued...)

requirement to "fairly allocate the economic effect of divorce."[30] This required an award of spousal support.

We emphasize that property division is the preferred method of providing for the needs of each party and fairly allocating the economic effect of a divorce.[31] However, spousal support may be awarded where the property division is inadequate to serve this purpose, such as rehabilitative support to allow a spouse to pursue advancement in the work force or reorientation support to allow a spouse to adjust to changed financial circumstances.[32] The superior court's findings demonstrate that the property division was manifestly unfair. In view of this obvious inequity, this case presents a rare situation where spousal support is the only way to fairly allocate the economic effect of the divorce. It therefore was error to deny Kazue's request for spousal support.

## V. CONCLUSION

We AFFIRM the court's orders denying the motion for relief from judgment in the legal separation case. However, we REVERSE the judgment in the divorce case and REMAND for determination of an award of permanent spousal support.

---

[29](...continued) whether the legal separation property division was fair and equitable.

[30] AS 25.24.160(a)(2).

[31] *See Hanlon v. Hanlon*, 871 P.2d 229, 233 (Alaska 1994).

[32] *See Jones v. Jones*, 835 P.2d 1173, 1178-79 (Alaska 1992).

WINFREE, Justice, dissenting in part.

I respectfully disagree with the court's resolution of the spousal support issue in this case. If it was legal error for the superior court to deny a spousal support award because it considered itself bound by the previous conclusion in the separation case that the property distribution was fair and just, then it seems appropriate for this court to state that the superior court is not barred from considering a spousal support award and remand for the superior court to consider such an award. It is not for this court to state that as a matter of law spousal support must be awarded in this case and remand merely for the calculation of such an award. Spousal support awards are supposed to be within the superior court's discretion, and I would remand the matter for the superior court's consideration.